**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DEBRA PATTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:13-CV-00071 |
| | § | |
| ORTHO DEVELOPMENT | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion for Leave to Amend, filed by Plaintiff Debra Patton

("Patton") [Docket Entry #13]. The principal question raised by this Motion is whether the

Court should permit joinder of a non-diverse defendant, Dr. Michael Rimlawi ("Rimlawi").

Finding that it should, the Court **GRANTS** the Motion.

I.        BACKGROUND

On December 13, 2010, Rimlawi, a citizen of Texas, performed cervical spine surgery on

Patton, also a citizen of Texas. During the surgery, Rimlawi allegedly used multiple products

manufactured by Ortho Development Corporation ("Ortho"), which is incorporated in and has its

principal place of business in Utah. Patton claims the Ortho products were defective and led to

an unsuccessful surgery that caused her injuries. On January 14, 2011, Patton underwent another

surgery to remove the defective Ortho products. Patton contends that an Ortho engineer attended

the second surgery and inspected the allegedly defective products. Patton sued Ortho in state

court on December 11, 2012, for negligence, breach of warranties, and products liability.

Ortho removed this case on January 7, 2013, based on diversity jurisdiction. Patton filed

a First Amended Complaint [Docket Entry #10] on February 4, 2013, which the Court struck for

failure to comply with Fed. R. Civ. P. 15(a).  Patton now requests leave under Rule 15(a)(2) to amend the complaint, in order to add Rimlawi as a defendant.

## II.     LEGAL STANDARD

When a plaintiff seeks post-removal joinder of defendants whose presence would defeat a court's diversity jurisdiction, that court "may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  To make such a determination, the court must balance four factors: (1) the extent to which the purpose of plaintiff's proposed amendment is to defeat federal jurisdiction; (2) whether plaintiff was diligent in seeking the amendment; (3) whether plaintiff would be significantly injured if the court denied the amendment; and (4) any other factors bearing on the equities of the dispute.  *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  "[P]ost-removal joinder of non-diverse defendants . . . destroys diversity for jurisdictional purposes and requires remand."  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  In other words, courts have discretion in permitting joinder, but if they so permit, remand is required.  This applies not only when a court permits joinder pursuant to Rules 19 or 20, but also when the court grants plaintiff leave to amend her complaint to add non-diverse defendants.  *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171–72 (5th Cir. 2009).

## III.     DISCUSSION

The sole question before the Court is whether, under the *Hensgens* test, it should allow Patton's post-removal amendment to add Rimlawi, a non-diverse defendant.

***Factor One – Whether the purpose of the amendment is to defeat diversity jurisdiction***

To determine the extent to which a plaintiff intends to use her proposed amendment to defeat subject matter jurisdiction, courts consider the viability of the plaintiff's claims against proposed non-diverse defendants, *AMX Environmental Evolution, Ltd. v. Carroll Fulmer*

*Logistics Corp.*, No. 3:08-CV-0908-G, 2009 WL 972994, at *3 (N.D. Tex. Apr. 9, 2009) (Fish,

J.), and the plaintiff's reasons for delaying pursuit of those claims, *Bramlett v. Med. Protective

Co. of Fort Wayne, Indiana*, No. 3:09-CV-1596-D, 2010 WL 1491422, at *5 (N.D. Tex. Apr. 13,

2010) (Fitzwater, C.J.).  Where the proposed claims are viable, "it is unlikely that the primary

purpose of the amendment is to destroy diversity jurisdiction," and factor one thus usually favors

joinder.  *McNeel v. Kemper Cas. Ins. Co.*, No. CIV.A. 3:04-CV-0734-G, 2004 WL 1635757, at

*2 (N.D. Tex. July 21, 2004) (Fish, J.).  *See also AMX Environmental Evolution*, 2009 WL

972994, at *3 (internal citations omitted).  To the extent that viability of the claim is unclear,

courts nevertheless analyze the claims in the light most favorable to the plaintiff.  *See Holcomb

v. Brience, Inc.*, No. 3:01-CV-1715-M, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001)

(Lynn, J.) ("If, as [the plaintiff] is representing to the Court, [the plaintiff] has an intention to

pursue recovery from [non-diverse defendants], the Court should not deny her the opportunity to

bring all her related claims in one suit."); *see also McNeel*, 2004 WL 1635757, at *4 (finding that

during the early stages of a case, "court[s] must evaluate the factual allegations in the light most

favorable" to the plaintiff).

Patton alleges that Rimlawi violated his duty of care by (1) failing to inspect the allegedly

defective Ortho products before the operation, (2) failing to recognize or promptly discover the

unsuccessful installation of the Ortho products, and (3) failing to promptly notify Patton once he

became aware that the surgery was unsuccessful.  Ortho points to no authority, and the Court is

aware of none, suggesting these claims would fail as a matter of Texas law.  Moreover, Patton's

claims are not time-barred.[1]  Thus, based solely on the viability of Patton's claims, factor one

favors joinder.

---

[1] The Court assumes that Patton has properly preserved her claim pursuant to Texas Civil
Practice & Remedies Code § 74.051(c), as she represents in her Reply.

Nevertheless, when a plaintiff had reason to know about her proposed claims before removal, and fails to provide a "persuasive explanation" for her delay in asserting those claims, it is more likely than not that she sought joinder to defeat jurisdiction. *See Bramlett*, 2010 WL 1491422, at *5 (holding that the plaintiffs' purpose for joining a non-diverse defendant was to defeat federal jurisdiction because, in part, they provided "no persuasive explanation . . . for why they waited until after the case was removed"). Here, Patton had reason to know about her claims against Rimlawi well before the original state court filing and subsequent removal.[2] To explain the delay, Patton contends that "the timing of the filing of such a suit has both practical and strategic ramifications" because plaintiffs must comply with "stringent requirements" under Section 74.351 of the Texas Civil Practice & Remedies Code, such as providing the accused physician "an expert report within 120 days of filing suit." *Pl.'s Reply* ¶ 6. Patton further claims that she "did not include the physician in her Original Petition in order to allow more time to investigate the claim against him." *Pl.'s Mot.* 2.

The Court is not persuaded by this explanation. Patton does not offer a specific reason why she needed more time to investigate claims against Rimlawi. Nor does she suggest that the protracted investigation yielded new information that convinced her to pursue claims against Rimlawi. She states merely that she was motivated by these concerns without offering any corroborating evidence or elaborating on the specific benefits of her chosen timing. Given the conflict between the apparent viability of Patton's claims on the one hand and her failure to adequately explain her delay on the other, the Court finds that factor one does not weigh heavily in favor of either party.

---

[2] Ortho provided documentation showing that Patton has been investigating her surgery since at least March 7, 2011—twenty-two months before Ortho removed. Because Patton does not claim to have obtained information after filing that gave rise to the claims against Rimlawi, the Court assumes that the factual bases became evident during this initial investigation.

***Factor Two – Whether Patton was dilatory in seeking amendment***

District courts in the Fifth Circuit generally analyze the dilatoriness of an amendment by referring to the amount of time that has passed since the original filing and the removal, not the amount of time that has passed since the events giving rise to the causes of action.  *See Holcomb*, 2001 WL 1480756, at *2; *see also Schindler v. Charles Schwab & Co., Inc.*, No. Civ.A.05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005); *Rosa v. Aqualine Res., Inc.*, No. CIV.A.3:04-CV-0915-B, 2004 WL 2479900, at *3 (N.D. Tex. Oct. 28, 2004) (Boyle, J.).  This Court has found that amendments adding non-diverse defendants are not dilatory if plaintiffs pursue them early in the litigation.  *See Holcomb*, 2001 WL 1480756, at *2; *Akbani v. TRC Engineers, Inc.*, No. 3:09-CV-1154-M, 2009 WL 2614473, at *3 (N.D. Tex. Aug. 25, 2009) (Lynn, J.).   In *Holcomb*, the plaintiff sought to add non-diverse defendants sixty-six days after the case was filed, and thirty-one days after removal.  The Court held that "[t]he facts d[id] not justify labeling the [p]laintiff's amendment as *per se* dilatory," given that the "[l]itigation [wa]s still in its infant stages." *Holcomb*, 2001 WL 1480756, at *2.  Similarly, in *Akbani*, the Court reasoned that an amendment generally is not dilatory "when no trial or pre-trial dates have been scheduled and no significant activity beyond the pleading stage has occurred." *Akbani*, 2009 WL 2614473, at *3.

Here, Patton filed her Motion sixty-six days after filing in state court and thirty-nine days after removal, which is almost identical to the timing in *Holcomb*.  Moreover, the Court has not set any pre-trial deadlines.  Accordingly, Patton's amendment comes at an early stage of the litigation and is not dilatory.  The second factor counsels the Court to permit joinder of Rimlawi.[3]

---

[3] Although a number of courts have analyzed the persuasiveness of plaintiff's explanation under both factors one and two, *see Bramlett*, 2010 WL 1491422, at *6; *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, *5–6 (W.D. La. Apr. 13, 2012) *report and*

*Factor Three – Whether denying joinder would significantly injure Patton*

"The main concern expressed in *Hensgens* was the possibility of parallel federal and state proceedings." *Holcomb*, 2001 WL 1480756, at *3. This concern implicates both the third and fourth factors. When claims against a proposed non-diverse defendant derive from the same set of facts or legal questions as claims against an existing defendant, denying joinder burdens plaintiff with the increased time and expense associated with litigating parallel cases. *See Ellender v. Rite Aid Pharmacy*, CIV.A. No. 08-0722, 2008 WL 4200716, at *2 (W.D. La. Sept. 8, 2008); *AMX Environmental Evolution*, 2009 WL 972994, at *4.

In *AMX Environmental Evolution*, the plaintiff's claims against the existing defendant and the proposed non-diverse defendant arose from the same diesel spill, resulting in "considerable overlap in the facts relevant to each cause of action." *AMX Environmental Evolution*, 2009 WL 972994, at *4. The court held that the plaintiff would "inevitably" suffer "significant prejudice" if "joinder . . . were disallowed" because, in part, "the cost to plaintiff of pursuing these [parallel] actions would necessarily increase." *Id.*

Like the plaintiff's claims in *AMX Environmental Evolution*, Patton's claims against Ortho and Rimlawi implicate a common question: whether Ortho's products were defective. Denying joinder would require Patton to prove the defectiveness of Ortho's devices twice, resulting in duplicative efforts and increased cost. Ortho concedes as much, "admit[ting]" that parallel actions "could require [Patton] to expend additional resources." *Def.'s Resp.* 2–3. The Court finds Plaintiff would suffer significant injury if joinder were denied, and concludes that factor three counsels in favor of permitting joinder.

---

*recommendation adopted,* No. CIV.A. 10-00162, 2012 WL 2064848 (W.D. La. June 5, 2012), this Court determines that the subjective intent of a plaintiff pertains only to the first factor—the primary purpose of the amendment—not the second, which simply addresses the timeliness of the amendment.

*Factor Four – Whether remaining equitable factors favor joinder*

Remaining equitable considerations include honoring a defendant's choice of forum, avoiding inconsistent outcomes, and promoting judicial economy.[4]  In *Akbani*, the Court found that the fourth factor weighed against joining a non-diverse defendant because the existing defendant would have been "deprived of the federal forum they properly invoked." *Akbani*, 2009 WL 2614473, at \*4.  Like the defendant in *Akbani*, Ortho has a legitimate interest in maintaining the federal forum it chose.  But this consideration is outweighed by the likelihood of judicial inefficiency and the possibility of inconsistent outcomes.  *See AMX Environmental Evolution*, 2009 WL 972994, at \*4 (finding that parallel actions are "generally disfavored since separate proceedings . . . increase the possibility of conflicting outcomes."); *Schindler*, 2005 WL 1155862, at \*5 (holding that the facts favored allowing joinder because "duplicative lawsuits arising out of the same facts in two different courts [could] . . . potentially lead to inconsistent results").

As in *AMX Environmental Evolution* and *Schindler*, parallel cases in this dispute would waste judicial resources and could lead to inconsistent rulings.  As discussed above, the claims against both defendants turn, at least in part, on whether Ortho's products were defective.  Parallel litigation would require two courts to manage this controversy.  Moreover, the triers of fact in the separate proceedings could arrive at contradictory conclusions.  These results should be avoided, and thus, this factor weighs heavily in Patton's favor.

### IV. CONCLUSION AND ATTORNEYS' FEES

On balance, application of the *Hensgens* test counsels in favor of permitting Patton to

---

[4] A number of district courts have analyzed the effect of inconsistent rulings under factor three. *See, e.g.. AMX Environmental Evolution*, 2009 WL 972994, at \*4; *Schindler*, 2005 WL 1155862, at \*4.  However, because inconsistent rulings do not necessarily harm plaintiff, the Court concludes this analysis belongs under factor four.

join Rimlawi.  Factor one—the primary purpose of the proposed amendment—favors neither

party.  The remaining three factors, however, suggest joinder is appropriate.  Patton's

amendment is not dilatory, and denying joinder would significantly injure Patton, waste judicial

resources, and potentially lead to inconsistent results.  Thus, the Court **GRANTS** Patton's

Motion for Leave to Amend, and deems the Amended Complaint filed.  Because the addition of

Rimlawi defeats diversity, the Court lacks subject matter jurisdiction, and **REMANDS** the case

to the 160th Judicial District, Dallas County, Texas, in accordance with 28 U.S.C. § 1447(e).

Ortho contends the Court should at least "award Ortho its costs and attorneys' fees

related to removing the case," given that Patton failed to "advise Ortho that removal to federal

court would be an expensive exercise in futility." *Def.'s Resp.* 3.  Ortho fails to point to any case

in which a district court required a plaintiff to pay attorneys' fees after succeeding on a motion to

join another party that resulted in remand.  The Court believes such an award in this case would

be inappropriate and thus **DENIES** Ortho's request for attorneys' fees under 28 U.S.C.

§ 1447(c).

        **SO ORDERED**.

        June 10, 2013.

                                          **BARBARA M. G. LYNN**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **NORTHERN DISTRICT OF TEXAS**